UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                               Case No. 13-20874

Erie Adams,                                              Honorable Sean F. Cox

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A *FRANKS* HEARING AND DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (Doc. #15)**

In this action, Defendant Erie Adams, a/k/a Michael Johnson ("Defendant") is charged with possession of heroin with the intent to distribute, conspiracy to possess with intent to distribute heroin, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime.

On March 11, 2014, Defendant filed a Motion to Suppress Evidence (Doc. #15). The Court was initially scheduled to hold an evidentiary hearing, and entertain oral argument as to this motion on Monday, April 14, 2014. However, after review of the parties' briefs as well as the applicable law, the Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* Local Rule 7.1(f)(2), U.S.D.C., E.D. MI. This Court shall DENY Defendant's request for a *Franks* hearing and DENY Defendant's Motion to Suppress Evidence (Doc. #15) on the merits.

**BACKGROUND**

1

Defendant was indicted in this action on November 21, 2013. (Doc. #7). A superceding indictment was entered on March 13, 2014 (Doc. #18) after the parties' current set of motions was filed. The superceding indictment charges Defendant with 1) Conspiracy to Possess With Intent To Distribute Heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1); 2) Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1); 3) Possession of a Firearm In Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and 4) Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g)(1).[1]

These charges follow a search and seizure of Defendant's residence located at 19289 10 Mile Road, Roseville, Michigan on November 8, 2013. Based on a review of the parties' briefs, the facts are largely undisputed.

In October 2013, Detroit-area DEA Special Agent Ryan McCormick ("McCormick") was in contact with DEA Task Force Officer Jay Floyd in North Carolina ("Floyd"). Floyd informed McCormick that he learned, via wiretap, that two suspected drug traffickers in North Carolina, Terrance Coles ("Coles") and Terrance Poindexter ("Poindexter"), were attempting to purchase heroin from certain unknown individuals in Detroit. (Affidavit of Special Agent Ryan McCormick, attached to Gvmt. Evid. Resp. at Ex. 1, ¶ 2).

On October 28, 2013, Floyd informed McCormick that Coles and Poindexter were en route to Detroit in a 2013 Ford Explorer ("Explorer") bearing Georgia license plate number BQF2426. (Gvmt. Ex. 1 at ¶ 3). Floyd also gave McCormick the telephone number of the suspected Detroit-area contact, which later turned out to belong to Tyrone Conyers ("Conyers"). (*Id.*)

That day, Detroit DEA agents located and conducted surveillance of the suspect Explorer.

---

[1] The Superceding Indictment also contains forfeiture allegations.

(Gvmt. Ex. 1 at ¶ 4). The agents followed the Explorer and witnessed its short encounter with another vehicle. (*Id.*) The agents then followed the other vehicle, which led them to Conyers' residence located at 18201 Nadol, Southfield, Michigan ("the Southfield home"). (*Id.*) North Carolina agents eventually arrested the suspect Explorer, where they found over 300 grams of heroin. (*Id.*)

A search warrant was issued and executed at the Southfield home; Conyers was present during the search. (Gvmt. Ex. 1 at ¶ 4). Investigators seized over $8,000 of United States currency during the search. (*Id.*) According to McCormick, Conyers waived his *Miranda* rights and admitted to having facilitated a heroin deal involving Poindexter and Coles on October 28, 2013. (*Id.*) Conyers stated that he received the heroin from a person referred to as "Dog," who was contacted by calling 313-657-0197 ("Dog's phone"). (Gvmt. Ex. 1 at ¶ 5).

McCormick corroborated Conyers's story by looking at "toll records" for Conyers's phone. (Gvmt. Ex. 1 at ¶ 8). DEA agents then obtained subscriber information and GPS location for Dog's phone. (Gvmt. Ex. 1 at ¶ 9). Dog's phone was subscribed to John Johnson at 2454 Baldwin, Detroit, Michigan. (*Id.*) An internal DEA database linked Defendant, who has a prior federal conviction for conspiracy to distribute cocaine, to this address. (*Id.*)

The GPS information obtained for Dog's phone showed that it was located at 19289 East 10 Mile Road in Roseville, Michigan ("the Roseville home") at different times of the day, including during early morning hours. (Gvmt. Ex. 1 at ¶ 10). McCormick also drove by the home and saw that a minivan registered to Defendant was in the driveway of the Roseville home. (Gvmt. Ex. 1 at ¶ 10).

McCormick submitted an affidavit to Judge Catherine Steenland of the 39th Judicial District

of Michigan setting forth the aforementioned findings. Judge Steenland relied on the affidavit in finding probable cause to issue a Search Warrant for the Roseville home. (Gvmt. Ex. 1 at ¶ 10).

DEA agents and other officers searched the Roseville home on November 8, 2013 after Roseville SWAT team officers secured the premises. (DEA Report, attached to Gvmt. Stmt. Resp. at Ex. 1, ¶ 3).

## Defendant's Motion To Suppress Evidence

Defendant's first Motion to Suppress (Doc. #15) asks this Court to conduct a *Franks* hearing[2] regarding the Affidavit supporting the Search Warrant, or order the suppression of the evidence seized pursuant to the search warrant. (Doc. #15 at 8). Defendant contends that "the Affidavit on its face fails to establish probable cause" because the timeline of McCormick's investigation is unclear (*see* Doc. #15 at 6-7). Defendant also takes issue with the fact that "Dog's phone number" was not listed as belonging to Defendant and was not affiliated with the Roseville home, but was instead registered to John Johnson at an address in Detroit, Michigan. (Doc. #15 at 7).

The Government points out that the search warrant affidavit contained corroborated information from a named source (Conyers) who claimed that he obtained heroin from Defendant by contacting him using phone number 313-657-0197. The Government also notes that the -0197 phone number was consistently located at the Roseville home. This alone, the Government argues, is sufficient to establish probable cause. (Gvmt. Resp., Doc. #25 at 6).

The Government argues further that even if the search warrant affidavit does not establish probable cause, the exclusionary rule does not apply because the officers acted in good faith.

---

[2] Courts will hold a *Franks* hearing to determine the validity of a search warrant when its veracity is challenged by a Defendant. *See generally U.S. v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008).

## ANALYSIS

"The Fourth Amendment bars unreasonable searches and seizures by the government." *United States v. Herndon*, 501 F.3d 683, 687 (6th Cir. 2007), *citing* U.S. Const. amend. IV. Evidence seized in violation of an individual's Fourth Amendment rights is not admissible against him at trial. *U.S. v. Grant*, 920 F.2d 376, 389 (6th Cir. 1990), *citing Wong Sun v. U.S.*, 371 U.S. 471, 486 (1963). Plaintiff has the burden of proving that the violation of one of his constitutional or statutory rights justifies the suppression of the evidence at issue. *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003).

The Fourth Amendment permits the issuance of a search warrant upon a showing of probable cause. *United States v. Thomas*, 650 F.3d 300, 307 (6th Cir. 2010). In order to establish "probable cause sufficient to justify a search warrant, the proponent must submit an affidavit that indicate[s] a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009) (*citing United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005)).

Whether the information in the affidavit satisfies the "fair probability" requirement "depends on the totality of the circumstances." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005). "The probable cause standard is a 'practical, non-technical conception' that deals with the 'factual and practical considerations of everyday life.'" *Id.*

The magistrate's determination of probable cause is "afforded great deference and should be reversed only if arbitrarily made." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006). "In reviewing the sufficiency of the evidence supporting probable cause, [the Court] is limited to examining the information contained within the four corners of the affidavit." *Dyer*, 580 F.3d at

390.

### A)     The Court Finds That Defendant is Not Entitled to a *Franks* Hearing.

Defendant argues that the Court should hold a *Franks* evidentiary hearing to determine whether the search warrant affidavit supports a finding of probable cause. Defendant maintains that there are inaccuracies and/or omissions in the affidavit that warrant such a hearing.

The Court is not required to order an evidentiary hearing on Defendant's Motion to Suppress Evidence. Rather, Defendant must first show that a *Franks* evidentiary hearing is warranted.

"To obtain a *Franks* hearing, the movant must provide a substantial preliminary showing that a false statement was made either knowingly or intentionally, or with reckless disregard for the truth." *U.S. v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008). "The movant must also show that the allegedly false statements were necessary for the magistrate's determination of probable cause." *Id.* "Therefore, if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id.*

The Government argues that Defendant "has not even argued that the affiant omitted facts in an attempt to create a deliberate falsehood or in reckless disregard for the truth, let alone provide evidence that could be construed as a substantial preliminary showing." (Doc. #25 at 9).

Defendant argues that the search warrant affidavit does not provide the specific dates on which all relevant events took place. Defendant argues that the "affidavit . . . seems to infer that everything occurred in one day" but, if so, "[s]urely then, agents would have seen the so-called drug buy/sale as alleged between Conyers and Defendant on October 28, 2013." (Def. Reply, Doc. #29 at 3). Defendant claims that "there needs to be an inquiry of the law enforcement officers as to how

[the activities alleged in the affidavit] involving Conyers, the North Carolina individuals and allegedly Mr. Adams could have occurred on [October 28, 2013]." (Def. Mo., Doc. #15 at 6).

This Court agrees with the Government, and finds that Defendant has not made a "substantial preliminary showing" that McCormick included a false statement in the affidavit. At best, Defendant has pointed out that some of the facts set forth in the affidavit could have been described in a more specific fashion. This is a far cry from showing that McCormick knowingly or recklessly included false statements in the affidavit.

Moreover, the omissions Defendant complains of are not necessary or material to a finding of probable cause. McCormick's affidavit relies on information provided by Tyrone Conyers, a named informant. Conyers implicated Defendant as the individual who sold him heroin. Conyers provided investigators with Defendant's phone number, which was determined to frequently be located at the Roseville home. Additionally, the phone was subscribed to an address to which Defendant was connected, even if the phone was not registered in Defendant's name. Investigators saw a car registered to Defendant's name in the driveway of the Roseville home.

The Court finds that these facts alone would have provided a court with probable cause to believe that evidence of drug activity would be found in Defendant's home. The pertinent facts on which Judge Steenland relied are virtually unchallenged by the Defendant. Defendant has not shown that the alleged omissions were necessary to a finding of probable cause. Therefore, the Court shall decline to hold a *Franks* evidentiary hearing because Defendant has not made the showing necessary to establish that he is entitled to one.

7

  **B)**  **McCormick's Affidavit Supports A Finding of Probable Cause Sufficient To Support A Search Warrant.**

Based on the facts as discussed above, the Court finds that McCormick's affidavit "indicate[d] a fair probability that evidence of a crime will be located on the premises of the proposed search." *Dyer*, 580 F.3d at 390 (6th Cir. 2009). The Court further finds that Judge Steenland's determination of probable cause was not arbitrarily made, and is entitled to great deference. *See Jackson*, 470 F.3d at 306. Therefore, the Court shall DENY Defendant's Motion to Suppress Evidence.

## CONCLUSION & ORDER

For the reasons set forth above, the Court declines to hold a *Franks* hearing on Defendant's Motion to Suppress Evidence. IT IS ORDERED that Defendant's Motion to Suppress Evidence (Doc. #15) is DENIED.

  **IT IS SO ORDERED.**

            S/Sean F. Cox
            Sean F. Cox
            United States District Judge

Dated: April 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2014, by electronic and/or ordinary mail.

            S/Jennifer McCoy
            Case Manager