UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                              Case No. 13-20874

Erie Adams,                             Honorable Sean F. Cox

    Defendant.
_____/

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO ALLOW FINGERPRINTING (Doc. #19)**

In this action, Defendant Erie Adams, a/k/a Michael Johnson ("Defendant") is charged in a superceding indictment with possession of heroin with the intent to distribute, conspiracy to possess with intent to distribute heroin, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime.

On March 14, 2014, the Government filed a Motion to Allow for Fingerprinting of Defendant. (Doc. #19). The motion has been fully briefed by the parties, and the Court heard oral argument on April 14, 2014. For the reasons set forth below, this Court shall GRANT the Government's motion.

**BACKGROUND**

Defendant Erie Adams has been charged in a first superceding indictment with possession with intent to distribute heroin, among other things. (Doc. #18). Pursuant to a search warrant, Drug Enforcement Agency ("DEA") officials searched Defendant's home at 19289 E. 10 Mile Road, Roseville, Michigan. (*See* Report of Investigation, attached to Gvmt. Mo. at Ex. 1). During their search, agents seized what is referred to as "Exhibit 3," which is a blender that was found inside of

a paper bag and that contains suspected heroin residue. (Gvmt. Mo. at Ex. 1, p. 4).

The Government states that the blender was sent to the DEA laboratory for fingerprint testing. The lab results show that "five latent prints suitable for identification" were found on the blender and the paper bag. (Lab Results, attached to Gvmt. Mo. at Ex. 2). The lab examiner states in his report that two of the latent fingerprints on the glass bowl for the blender "were not identified," or did not match, the known fingerprints of Erie Adams. (Gvmt. Mo. at Ex. 2). The lab examiner further stated that "[p]alm prints of Erie Adams are needed for comparison for the remaining three latent prints." (Gvmt. Mo. at Ex. 2).

The Government now seeks to obtain the palm print of Defendant Erie Adams. As such, the Government has filed a Motion to Allow Fingerprinting. Defendant opposes the Government's motion, arguing that the compulsory collection of Defendant's palm prints would violate his Fourth and Fifth Amendment rights.

## ANALYSIS

### A)     Defendant's Fifth Amendment Rights Will Not Be Violated If This Court Compels Defendant To Submit to Fingerprinting.

The Government claims that Defendant's Fifth Amendment rights against self-incrimination would not be violated if he were compelled to submit his palm print. Defendant acknowledges that, in general, fingerprinting does not offend the Fifth Amendment. Nevertheless, Defendant still argues, without citation to authority, that the Court should disallow the fingerprinting because "taking his palm prints are a compelled communication since the government is requiring Mr. Adams to basically assist it in prosecuting him." (Def. Resp. at 5).

Generally, the Fifth Amendment protects an individual's privilege against self-incrimination. *Schmerber v. California*, 384 U.S. 757, 761 (1966). The United States Supreme Court has explained

that the Fifth Amendment "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." *Id.*

However, "that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate [the Fifth Amendment]." *Id.* at 764. Thus, it is well settled that "[r]equiring a defendant . . . to provide the police with fingerprints, blood, saliva, and hair samples is not protected by the Fifth Amendment, but rather is analyzed as a search under the Fourth Amendment." *U.S. v. Little*, 9 F.3d 110 (6th Cir. 1993); *see also U.S. v. Williams*, 704 F.2d 315, 318 (6th Cir. 1983); *U.S. v. Bean*, 214 Fed. App'x 568, 571 (6th Cir. 2007); *Hollars v. State*, 259 Ind. 229, 232 (*citing Schmerber*, 384 U.S. 757, and *Gilbert v. California*, 388 U.S. 263 (1967)); *United States v. Thomann*, 609 F.2d 560, 562 (1st Cir. 1979) ("Fingerprint evidence does not fall within the fifth amendment's privilege against self-incrimination. Compelling a criminal suspect to exhibit his identifying physical characteristics, such as a blood sample or fingerprints, is not the forced extraction of testimonial or communicative evidence contemplated by the fifth amendment.").

The Court finds that the Fifth Amendment is not an obstacle to the Government's request for fingerprinting. Therefore, the Court will next consider whether Defendant's Fourth Amendment rights would be offended by compulsory fingerprinting.

**B)   Defendant's Fourth Amendment Rights Will Not Be Violated If This Court Compels Defendant To Submit To Fingerprinting.**

The Government argues that Defendant's Fourth Amendment rights will not be violated if the Court compels Defendant to produce his palm print. Defendant responds that the Government's request for his palm prints is unreasonable because "the government is already in possession of Mr. Adams's fingerprints." (Def. Resp. at 4). Defendant argues that the further collection of his fingerprint/palm print evidence is unreasonable because "the government has not identified (in

detail), to what person the prints that they tested actually belonged." (Def. Resp. at 4).

"The Fourth Amendment bars unreasonable searches and seizures by the government." *United States v. Herndon*, 501 F.3d 683, 687 (6th Cir. 2007), *citing* U.S. Const. amend. IV. "The touchstone of Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *California v. Ciraolo*, 476 U.S. 207, 211 (1986), *quoting Katz v. United States*, 389 U.S. 347, 360 (1967) (Harlan, J., concurring). Thus, "wherever an individual may harbor a reasonable 'expectation of privacy,' . . . he is entitled to be free from unreasonable government intrusion." *Terry v. Ohio*, 392 U.S. 1, 9 (1968).

The United States Supreme Court has recognized that, when an individual is compelled to provide physical evidence to the government, there are two "seizures" for purposes of Fourth Amendment analysis. *United States v. Dionisio*, 410 U.S. 1, 8 (1973) (internal citations omitted) ("The obtaining of physical evidence from a person involves a potential Fourth Amendment violation at two different levels—the 'seizure' of the 'person' necessary to bring him into contact with government agents, and the subsequent search for and seizure of the evidence."). *Id.* However, when the individual is lawfully in custody when the physical evidence is obtained, the first level of analysis is removed. *U.S. v. Sanders*, 477 F.2d 112, 113 (5th Cir. 1973); *U.S. v. Sechrist*, 640 F.2d 81, 85 (7th Cir. 1981).

Regarding the second level of analysis, courts have determined that obtaining a person's fingerprints does not constitute an intrusion upon his or her privacy so as to warrant Fourth Amendment protection. Accordingly, courts have consistently rejected the notion that obtaining fingerprints from a lawfully-detained individual is an unreasonable search and seizure for Fourth Amendment purposes. *Dionisio*, 410 U.S. at 4 (noting that the Fourth Amendment prohibits the

4

compulsory collection of fingerprints from a suspect "only where [they] are obtained as a result of unlawful detention . . ."); *Sechrist*, 640 F.2d at 86 (holding that "[t]he taking of a person's fingerprints simply does not entail a significant invasion of one's privacy" to trigger Fourth Amendment protection.); *U.S. v. Meza-Rodrigues*, 2006 WL 2431398 at *1 (W.D. Mich. 2006), *citing U.S. v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (finding that the forced taking of defendant's palm print was not a deprivation of his Fourth Amendment rights); *Platte v. Otsego County Sheriff's Dept.*, 2009 WL 1313260 at fn 6 (E.D. Mich. 2009) (Friedman, J.) (noting that "[m]erely taking fingerprints does not implicate the Fourth Amendment."); *Sanders,* 477 F.2d at 113, *quoting Davis v. Mississippi*, 394 U.S. 721, 727 (1969) ("while the seizure of the person is clearly subject to Fourth Amendment 'reasonableness,' the taking of physical evidence in the nature of fingerprinting, or as here palmprints, 'involves none of the probing into an individual's private life and thoughts that marks an interrogation or search.'").

The collection of Defendant's palm prints does not offend the Fourth Amendment as long as he is lawfully detained. Here, it is undisputed that Defendant is in lawful custody because he is being held pursuant to an indictment. Thus, the Court finds that it can compel Defendant to produce his palm print without offending his Fourth Amendment rights.

While it may be true that the Government already has his fingerprints, it does not have his palm prints. Defendant has provided this Court with no reason to deny the Government's request, other than the alleged violation of his constitutional rights. Because the Court finds that the Government's request would not violate Defendant's Fourth or Fifth Amendment rights, the Court shall GRANT the Government's Motion to Allow Fingerprinting.

**CONCLUSION & ORDER**

For the reasons set forth above, the Court shall GRANT the Government's Motion to Allow Fingerprinting (Doc. #19).

**IT IS SO ORDERED.**

            S/Sean F. Cox
            Sean F. Cox
            United States District Judge

Dated:  April 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2014, by electronic and/or ordinary mail.

            S/Jennifer McCoy
            Case Manager