UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                     Case No. 13-20874

Erie Adams,                                Honorable Sean F. Cox

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS (Doc. #17)**

In this action, Defendant Erie Adams, a/k/a Michael Johnson ("Defendant") is charged with possession of heroin with the intent to distribute, conspiracy to possess with intent to distribute heroin, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime.

On March 11, 2014, Defendant filed a Motion to Suppress Statements (Doc. #17). The Court held an evidentiary hearing, and entertained oral argument as to this motion, on April 14, 2014. For the reasons set forth below, the Court shall DENY Defendant's Motion to Suppress Statements.

**BACKGROUND**

Defendant was indicted in this action on November 21, 2013. (Doc. #7). A first superceding indictment was entered on March 13, 2014 (Doc. #18) after the parties' current set of motions was filed. The first superceding indictment charges Defendant with 1) Conspiracy to Possess With Intent To Distribute Heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1); 2) Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1); 3) Possession of a Firearm In Furtherance

of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and 4) Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g)(1).[1]

These charges follow a search and seizure of evidence at Defendant's residence located at 19289 East 10 Mile Road, Roseville, Michigan that occurred on November 8, 2013.

## Defendant's Motion to Suppress Statements

Defendant's Motion to Suppress Statements (Doc. #17) asks this Court to "suppress the statements allegedly made by the Defendant at the time of the execution of the search warrant since he was in custody," and because the statements were made before he was notified of his *Miranda* rights. (Doc. #17 at 4).

In response to a question asked by Detective Brian Shock, Defendant made two statements: 1) that there was a gun located in his living room under the couch, and 2) that there was a gun located in a bedroom underneath the shelf that held his cologne.[2] With regard to Defendant's statement about the gun under the living room couch, the Government concedes that Adams was not given *Miranda* warnings and was "in custody" when Defendant made the statement. Nevertheless, the Government argues that this Court should not suppress the statement because Detective Brian Shock's inquiry falls within the "public safety" exception.

## Evidentiary Hearing

With the issues so framed by the parties, this Court held an evidentiary hearing, and heard oral argument, on April 14, 2014. As its sole witness, the Government presented Detective Brian

---

[1] The Superceding Indictment also contains forfeiture allegations.

[2] The Government stated in its response that it will not be offering the second statement as evidence at trial, so the Court need not consider whether it was unconstitutionally solicited by law enforcement or whether the public safety exception applies.

2

Shock of the Roseville Police Department. Defendant Erie Adams testified in support of Defendant's Motion to Suppress Statements. Neither party sought to admit any exhibits into evidence.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having observed the evidence and the witnesses who testified at the evidentiary hearing, allowing for this Court to assess credibility, having considered the arguments presented by counsel, and having applied the governing legal principles, the Court makes the following findings of fact and conclusions of law.[3]

On November 8, 2013, the Roseville Police Department SWAT team, investigators from the Drug Enforcement Agency ("DEA") Detroit Field Division Group 9, and City of Eastpointe Police Officers prepared to execute a search warrant at 19289 East 10 Mile Road, Roseville, Michigan ("the Roseville home"). The search warrant was procured by DEA Special Agent Ryan McCormick as a result of a multi-state DEA investigation.

During a pre-raid briefing, Detective Lieutenant Mitch Berlin of the Roseville Police Department informed the SWAT team members, including Detective Brian Shock ("Shock"), that 1) Defendant had a "lengthy criminal history" involving narcotics; 2) Defendant was previously involved in a shootout with U.S. Marshals; and 3) Defendant was considered to be armed and dangerous.

Immediately upon entering the Roseville home, and while the SWAT team was still in the process of securing the house, Detective Shock encountered Defendant laying in the hallway. Shock

---

[3] To the extent that a finding of fact is more properly a conclusion of law, and the to the extent that a conclusion of law is more properly a finding of fact, it should be so construed.

patted Defendant down and asked him "if he had any weapons on him." Defendant replied that there was a gun in the living room under the couch. Defendant was placed in flex-cuffs and escorted to the living room, where Shock found a loaded gun under the couch.

## CONCLUSIONS OF LAW

Statements made by a defendant in response to interrogation while in police custody are not admissible unless the defendant has first been apprised of the constitutional right against self-incrimination and has validly waived this right. *United States v. Cole*, 315 F.3d 633, 636 (6th Cir. 2003) (*citing Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966)).

However, "when officers ask 'questions necessary to secure their own safety or the safety of the public' as opposed to 'questions designed solely to elicit testimonial evidence from a suspect,' they do not need to provide the warnings required by *Miranda*." *United States v. Reese*, 509 F. App'x 494, 501 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 2780 (2013), *citing United States v. Williams,* 483 F.3d 425, 428 (6th Cir. 2007); *see also New York v. Quarles,* 467 U.S. 649, 659 (1984). This is known as the "public safety" exception to the *Miranda* rule.

The public safety exception applies "when officers have a reasonable belief based on articulable facts that they are in danger." *United States v. Talley,* 275 F.3d 560, 563 (6th Cir. 2001). The Sixth Circuit has adopted a two-pronged inquiry to evaluate the reasonableness of an officer's belief that he or the public is in danger:

> [A]t a minimum, [the officer] must have reason to believe (1) that the defendant might have (or recently have had) a weapon, and (2) that someone other than police might gain access to the weapon and inflict harm with it. The public safety exception is applied if and only if both of those two conditions are satisfied and no other context-specific evidence rebuts the inference that the officer reasonably could have perceived a threat to public safety.

*Reese*, 509 Fed. App'x at 501-02, *quoting Talley*, 275 F.3d at 563.

In evaluating the reasonableness of the officer's belief, the Court should focus on "objective facts rather than the officer's subjective state of mind." *U.S. v. Manners*, 2010 WL 728567 at *5 (E.D. Mich. 2010), *quoting Talley*, 275 F.3d at 563. The Court should also take into consideration "the known history and characteristics of the suspect, the known facts and circumstances of the alleged crime, and the facts and circumstances confronted by the officer when he undertakes the arrest." *Id.*

The Court finds that the public safety exception applies here. When Detective Shock asked the Defendant if he had any weapons on him, officers were in the process of executing a search warrant in a home that they suspected was being used to store and/or sell heroin. The officers had been informed that Defendant had a prior criminal history involving narcotics and that Defendant had been involved in a violent altercation with law enforcement in the past. Indeed, Detective Shock testified that guns are appropriately viewed as tools of the drug trade, often used to protect proceeds and supply. These circumstances supported Detective Shock's conclusion that Defendant may have had guns in the home.

Moreover, Detective Shock was reasonably concerned that a gun in the home could have been accessed by the Defendant or another person. When Detective Shock asked Defendant "if he had any weapons on him," SWAT team members were still in the process of securing the residence. At the time, it was unknown whether there were any individuals, other than Defendant and his fiancé, present in the home. Defendant's fiancé was standing unrestrained in the hallway when Defendant was being questioned. While Detective Shock testified that Defendant's fiancé did not appear to be a threat, he did state that "anybody can be a threat." These circumstances supported Detective Shock's reasonable belief that a third party in the home could have accessed a firearm.

5

As an aside, the Court notes that Detective Shock sat Defendant down in the living room after he was flex-cuffed. Had Detective Shock not questioned Defendant about weapons, he may have placed Defendant on the couch with access to the gun located underneath it. An otherwise routine search warrant execution could have escalated quickly had Detective Shock not known about the gun under the couch prior to placing Defendant in the living room.

Because the Court finds that the public safety exception applies, Detective Shock was justified in asking Defendant if he had any weapons on him prior to apprising him of his *Miranda* rights. Having found no basis to conclude that Defendant's constitutional rights have been violated, the Court shall DENY Defendant's Motion to Suppress Statements.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Suppress Statements (Doc. #17) is DENIED.

**IT IS SO ORDERED.**

                                                    S/Sean F. Cox  
                                                    Sean F. Cox  
                                                    United States District Judge

Dated: April 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2014, by electronic and/or ordinary mail.

                                                    S/Jennifer McCoy  
                                                    Case Manager