UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                   Case No. 13-20874

Erie Adams,                               Honorable Sean F. Cox

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ADDITIONAL DISCOVERY (Doc. #14) and DENYING DEFENDANT'S MOTION TO FILE ADDITIONAL MOTIONS (Doc. #16)**

In this action, Defendant Erie Adams, a/k/a Michael Johnson ("Defendant") is charged with possession of heroin with the intent to distribute, conspiracy to possess with intent to distribute heroin, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime.

On March 11, 2014, Defendant filed a Motion for Additional Discovery (Doc. #14). The Government responded (Doc. #23) and Defendant filed a reply (Doc. #26). The parties appeared for a status conference on March 14, 2014.

On April 14, 2014, the Court heard oral argument on Defendant's motion. For the reasons set forth below, the Court shall DENY Defendant's Motion for Additional Discovery.

**BACKGROUND**

Defendant was indicted in this action on November 21, 2013. (Doc. #7). A first superceding indictment was entered on March 13, 2014 (Doc. #18) after the parties' current set of motions was filed. The first superceding indictment charges Defendant with 1) Conspiracy to Possess With Intent

1

To Distribute Heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1); 2) Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1); 3) Possession of a Firearm In Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and 4) Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g)(1).[1]

These charges follow a search and seizure of Defendant's residence located at 19289 10 Mile Road, Roseville, Michigan on November 8, 2013.  For a thorough review of the pertinent facts in this case, *see* Opinion and Order Denying Defendant's Motion for *Franks* Hearing and Motion to Suppress Evidence (Doc. #30).

## Defendant's Motion for Additional Discovery

Defendant filed a Motion for Additional Discovery, listing eleven (11) items of discovery that he claims the Government must provide him.  The Government notes in its Response, and Defendant agreed at oral argument, that some of the requested items have already been produced. As to the rest of the items, the Government maintains that Defendant is asking for documents or information to which he is not entitled.  For sake of completeness, the Court will address each of Defendant's requests in turn.

## APPLICABLE LAW

### 1)   Federal Rule of Criminal Procedure 16

Federal Rule of Criminal Procedure 16(a) sets forth the items of discovery that the Government **must** produce to the Defendant, as well as information NOT subject to disclosure:

(a)(1)(A):   Defendant's Oral Statement.

(1)(B):   Defendant's Written or Recorded Statement.

---

[1] The Superceding Indictment also contains forfeiture allegations.

2

(1)(D): Defendant's Prior Record.

(1)(E): Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objets, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

    (i) the item is material to preparing the defense;

    (ii) the government intends to use the item in its case-in-chief at trial;

    (iii) the item was obtained from or belongs to the defendant.

(1)(F) Reports of Examinations and Tests.

(1)(G) Expert witnesses.

(a)(2): **Information Not Subject to Disclosure**. Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 ("Jencks Act").

**2)** *Brady, Giglio*, **and the Jencks Act**

*Brady v. Maryland*, 373 U.S. 83, 89 (1963) enunciated the now well-settled rule that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.*

"Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady*

rule." *United States v. Bagley*, 473 U.S. 667, 676 (1985). Thus, it has been held that "when the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within [the *Brady* rule]." *Giglio v. United States*, 405 U.S. 150, 154 (1972).

Keeping the *Brady* rule in mind, a Defendant "has no right to discover statements of witnesses until after the witness testifies at trial. The Court cannot order an earlier disclosure of statements by such witnesses, since it would in effect be an amendment to the Jencks Act." *United States v. Austin*, 99 F.R.D. 292, 301 (W.D. Mich. 1983).

## ANALYSIS

**Request Number One: Interview Notes of All Witnesses**

Defendant requests interview notes and statements of all witnesses tied to this indictment. Defendant relies on *U.S. v. Lujan*, 530 F. Supp.2d 1224 (D.N.M. 2008) and *U.S. v. Sullivan*, 919 F.2d 1403 (10th Cir. 1990). The Government responds that it has turned over all notes and statements pertaining to Defendant, but argues that "there is no such requirement" in this Circuit to turn over these items relating to any other person.

Defendant is not entitled to the government's notes from interviews with individuals other than the Defendant, unless he can show those notes contain exculpatory information. "Rule 16(a)(2) prohibits the disclosure of reports, memoranda, or other internal government documents made by a government attorney or agent in connection with investigating or prosecuting the case. Fed.R.Crim.P. 16(a)(2). An agent's rough interview notes may nevertheless be discoverable under *Brady* if the defendant shows that the notes are exculpatory and material." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1265 (D.N.M. 2008). Defendant has made no such showing, and the

Government is not otherwise required to produce them. Indeed, Defendant does not even have knowledge that other such notes exist. The Court shall DENY Discovery Request One.

**Request Number Two: Telephone Records for 313-657-0197**

Defense counsel stated at oral argument that she received the requested telephone records, including a printout of incoming and outgoing calls. The Court shall DENY Defendant's Discovery Request Two as MOOT.

**Request Number Three: Telephone Pings for 313-657-0197**

Defense counsel stated at oral argument that she received the Ping information that she requested from the Government. The Court shall DENY Defendant's Discovery Request Three as MOOT.

**Request Number Four: Records Regarding 2454 Baldwin, Detroit, Michigan**

Defendant requests that the Government be ordered to produce any information or records it has regarding the alleged connection of Defendant to the 2454 Baldwin, Detroit, Michigan home. The Government states that Defendant is not entitled to access DEA internal database information. Further, the Government argues that *Brady* does not mandate the production of these records because Defendant does not claim that the information is either exculpatory or material to his defense.

Defendant has not established that he is entitled to this information pursuant to either Federal Rule of Criminal Procedure 16 or case law. Further, Defense counsel could not explain how this information is relevant to the proofs at trial or the defenses at trial. Accordingly, the Court shall DENY Defendant's Discovery Request Four.

**Request Numbers Five and Six: Any and All Information Regarding John and Michael Johnson**

Defendant requests that the Government be ordered to produce "any and all information" regarding John Johnson and Michael Johnson. Defendant believes he is entitled to know how the Government has come to associate these names with Defendant Erie Adams. The Government argues that there is no basis for this request in the discovery rules, and that this request is, essentially, vague and overbroad.

The Government is correct. Neither the Federal Rules of Criminal Procedure, or *Brady/Giglio* require the Government to comply with such an amorphous request. Furthermore, Defendant cannot even identify with specificity the information he seeks, or how it is relevant to the proofs or defenses at trial. The Court shall DENY Defendant's Discovery Requests Five and Six.

**Request Seven: Information Regarding The North Carolina Investigation**

At oral argument, Defense counsel stated that she has received police reports and other information regarding the North Carolina investigation, and that she is satisfied that the Government has met this request. The Court shall DENY Defendant's Discovery Request Seven as MOOT.

**Request Eight: Any and All Information Regarding Tyrone Conyers**

Defense counsel stated at oral argument that she has received a DEA report and a search warrant regarding Tyrone Conyers. The Government stated on the record that it has produced all *relevant* information it possesses regarding Tyrone Conyers, and Defense counsel responded that she is satisfied that this request has been fulfilled. Accordingly, the Court shall DENY Discovery Request Eight as MOOT.

**Request Nine: FRE 404(b) Evidence**

6

In its response brief, the Government stated that it would not be presenting any 404(b) evidence at trial. Accordingly, the Court DENIES Discovery Request Nine as MOOT.

**Request Ten: Search Warrant and Affidavit for 18201 Nadol, Southfield, Michigan Home**

In his motion, Defendant requests that the Government produce the search warrant, and affidavit in support of the search warrant, that was issued for 18201 Nadol, Southfield, Michigan ("the Southfield home"). At oral argument on the motion, Defense counsel acknowledged that she has since received this information. The Court shall DENY Discovery Request Ten as MOOT.

**Request Eleven: Jencks Act (18 U.S.C. § 3500) Material**

Defendant requests that the Government be compelled to produce all Jencks Act materials. At oral argument on the motion, the Government acknowledged that it would comply with its obligations under the Jencks Act. Thus, the Court shall DENY Defendant's Discovery Request Eleven as MOOT.

**Defendant's Motion to File Additional Motions Upon Receipt Of Additional Discovery**

Along with his Motion for Additional Discovery, Defendant filed a Motion to File Additional Motions Upon Receipt of Additional Discovery (Doc. #16). Defendant requests that the Court enter an Order allowing Defendant to file additional motions if it receives more discovery from the Government, although all parties acknowledge that the Motion Cut-Off date in this case was March 14, 2014. The Government did not file a Response to Defendant's motion.

The Court shall DENY Defendant's motion. If Defendant wishes to file additional motions upon the receipt of additional discovery, Defendant must file a motion for leave to file the additional motion at that time.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Additional Discovery (Doc. #14) is DENIED and Defendant's Motion for Order to File Additional Motions Upon Receipt of Additional Discovery (Doc. #16) is DENIED.

**IT IS SO ORDERED.**

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated: April 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2014, by electronic and/or ordinary mail.

                S/Jennifer McCoy
                Case Manager