UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                    Criminal Case No. 13-20874

Erie Adams,                        Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S MOTION (DOCKET ENTRY NO. 102)

Following a jury trial in Criminal Case Number 13-20874, Defendant Erie Adams ("Adams") was convicted of drug trafficking and firearms offenses.

Represented by a different attorney, Adams filed a direct appeal with the United States Court of Appeals for the Sixth Circuit. In an Opinion and Order issued on July 5, 2016, the Sixth Circuit affirmed Adams's convictions and sentence. (*United States v. Adams*, Appeal Case No. 15-1175, attached as Docket Entry No. 100).

On March 14, 2017, acting *pro se,* Adams filed a "Motion To Compel Counsel Katie N. Steffes To Produce Adam's File And Transcripts." (Docket Entry No. 102). In that motion, Adams indicates that Ms. Steffes represented him in connection with his direct appeal. Adams asks this Court to compel his appellate attorney to provide him with materials from his file, and trial transcripts. A letter from Steffes to Adams (Docket Entry No. 102 at Pg ID 1864) indicates that Steffes provided Adams with requested briefs and that she advised that the trial transcripts are all part of the district court record and that Adams could petition the district court for any

1

transcripts he wishes to obtain.

To the extent that Adams asks this Court to compel his appellate counsel to provide him with materials in connection with his appeal, that request is **DENIED** as it is not properly directed to this Court.

**To the extent that Adams's motion is asking the Court to order the Government to provide him with a free copy of trial transcripts, that request is DENIED, without prejudice, AS PREMATURE.** Under 28 U.S.C. § 753(f), a court may require the United States to pay for a transcript requested by a § 2255 movant. However, any request for a free transcript prior to the filing of a § 2255 motion is premature and must be denied. *See United States v. Alcorn,* 10 F. App'x 248, 249 (6th Cir. 2001) (explaining that the defendant "simply does not a have right to a transcript at government expense in order to search the transcript for yet unasserted grounds in a motion to vacate his sentence under 28 U.S.C. § 2255."); *see also Bentley v. United States*, 431 F.2d 250, 252 (6th Cir. 1970).

Adams also asks, "[i]n the Alternative," that the Court "toll the Statute Of Limitations pending the filing of Mr. Adams 2255 and the production of the file and transcripts from Ms. Steffes, Attorney at Law." (Docket Entry No. 102 at Pg ID 1863).

This Court construes that as a request to extend or enlarge the time period for Adams to file a motion under 28 U.S.C. § 2255. Adams has not yet filed a § 2255 motion before this Court. As such, this Court lacks the authority to grant that relief. *See United States v. Asakevich*, 810 F.3d 418 (6th Cir. 2016). Accordingly, the Court hereby **ORDERS that**

**Adams's request for an extension of time to file a § 2255 motion is DENIED.**

    **IT IS SO ORDERED.**

Dated: March 29, 2017                                     s/Sean F. Cox
                                                              Sean F. Cox
                                                              U. S. District Judge

I hereby certify that on March 29, 2017, the foregoing document was served on counsel of record via electronic means and upon Erie Adams via First Class mail at the address below:

Erie Adams 17265039
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 9999
MILAN, MI 48160

                                                              s/J. McCoy
                                                              Case Manager