UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Erie Adams,

    Defendant.
_____/

Criminal Case No. 13-20874
Civil Case No. 17-11866

Sean F. Cox
United States District Court Judge

# ORDER REGARDING
# REQUEST FOR VOIR DIRE TRANSCRIPT

In Criminal Case Number 13-20874, Defendant Erie Adams was charged and ultimately convicted, following a jury trial, of drug and firearm offenses. Adams's convictions and sentence were affirmed on direct appeal. (*See* Docket Entry No. 100).

Thereafter, Adams filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Adams's § 2255 Motion includes a number of claims, including that his trial counsel "failed to challenge the empaneling of the jury and the United States' discriminatory striking of the only two African American jurors." (Docket Entry No. 106 at Pg ID 1887).

The matter is currently before the Court on Adams's "Motion to Unseal Voir Dire Transcripts." (Docket Entry No. 105). In this motion, Adams states that the voir dire transcripts are sealed and unavailable to him.

In responding to the motion, the Government states that it does not object to the relief Adams seeks. (Docket Entry No. 113). The Government further states that it will likely need a transcript of voir dire proceedings in order to respond to Adams's § 2255 motion.

1

The "Procedures Governing the Electronic Availability and Redaction of Transcripts" for the United States District Court of the Eastern District of Michigan provide, in pertinent part:

> B. Procedures
>
> These procedures apply to all transcripts of federal court proceedings, or parts of federal court proceedings, filed by official court reporters, contract court reporters, and transcribers.
> . . . .
> 12. Transcripts that include voir dire or other juror information will only be available to parties in the case if they are specifically requested. The voir dire transcript will be sealed to ensure a juror's right to privacy. Parties to the case will be required to seek permission of the Court to use the transcript in any other proceedings except an appeal of the same case. Members of the public must receive permission from the judge that ordered the voir dire transcript sealed prior to obtaining a copy of the transcript, and the transcript may be subject to redaction before it is given to any member of the public.

(*Id*. at 3).

Where a § 2255 petitioner seeks a transcript that he believes supports his requested relief and is necessary for the motion, that request may be granted at the government's expense. *Hoover v. United States*, 416 F.2d 431, 432 (6th Cir. 1969); 28 U.S.C. § 753(f).

This Court construes Adams's *pro se* motion as requesting that he be provided a copy of the voir dire transcript, at the Government's expense, and that he be permitted to use the transcript in connection with his pending § 2255 Motion.

It appears that the Government has already had the transcript at issue prepared and has a copy of it. (*See* Docket Entry No. 91). **The Court hereby ORDERS that the Government provide Adams with a copy of the voir dire transcript, at its expense. Upon doing so, the**

2

**Government shall file a proof of service with the Court.**

    **IT IS SO ORDERED.**

Dated: November 16, 2017                         s/Sean F. Cox
                                                                               Sean F. Cox
                                                                               U. S. District Judge

I hereby certify that on November 16, 2017, the foregoing document was served on counsel of record via electronic means and upon Erie Adams via First Class mail at the address below:

Erie Adams 17265039
FLORENCE HIGH U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 7000
FLORENCE, CO 81226

                                                                              s/J. McCoy
                                                                              Case Manager