UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                               Criminal Case No. 13-20874

Erie Adams,                          Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

## ORDER DENYING DEFENDANT/PETITIONER'S
## MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR DISCOVERY

Currently pending before this Court is a Motion to Vacate filed by Defendant/Petitioner Erie Adams, pursuant to 28 U.S.C. § 2255. On December 8, 2017, this Court issued an order that provides that no later than January 30, 2018, Adams "may filed a new, condensed § 2255 Motion that includes all claims raised in his original motion, and any additional ineffective-assistance-of-counsel claim referenced in his motion filed on October 20, 2017." (Docket Entry No. 126). Adams has not yet filed such a motion.

Meanwhile, two motions filed by Adams are pending before the Court: 1) a "Motion For Appointment Of Independent Counsel" (Docket Entry No. 122); and 2) a "Motion for Discovery" (Docket Entry No. 123). The Government has filed briefs opposing both motions.

In his Motion for Appointment of Counsel, Adams asserts that "[o]n October 23, 2017, the Government filed a motion requesting this Honorable court for an Order declaring the attorney-client privilege waived for litigating Mr. Adams' post-conviction petition," and Adams asserts that he needs counsel to advise him regarding the issue of waiver of attorney-client

1

privilege with respect to that motion. (*Id.* at 1).

Contrary to Adams's motion, the docket does not reflect any October 23, 2017 motion from the Government, or a motion from the Government seeking the order described by Adams.

Moreover, as the Government notes in its response, there is no constitutional right to the appointment of counsel in civil cases and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).

A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In the instant case, after careful examination of the facts and claims presented thus far, the Court determines that the interests of justice do not require appointment of counsel at this time. Accordingly, it is **ORDERED** that Adams's motion for appoint of counsel is **DENIED** without prejudice. If at any point in these proceedings the Court concludes that the appointment of counsel is warranted, the Court shall appoint counsel.

In his motion for discovery, Adams seeks very broad discovery relating to jury records in this court and records maintained by the United States Attorney's Office. (*See* Docket Entry No. 123 at Pg ID 2017) ("Please produce any and all documents and records held, prepared, retained and/or maintained by the United States Attorney's Office or the Clerk of the Court for the Eastern District of Michigan, specifically jury rolls and demographics information for available jury pool or jury wheel available for 2012 thru 2014.")

As the United States Court of Appeals for the Sixth Circuit has explained, *see Standford v. Parker*, 266 F.3d 442 (6th Cir. 2001):

> Habeas petitioners have no right to automatic discovery. A district court has discretion to grant discovery in a habeas case upon a fact specific showing of

2

good cause under Rule 6. *See Bracy v. Gramley,* 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); *Byrd v. Collins,* 209 F.3d 486, 515–16 (6th Cir. 2000). Rule 6(a) provides: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The burden of demonstrating the materiality of information requested is on the moving party. *See Murphy v. Johnson,* 205 F.3d 809, 813–15 (5th Cir. 2000).

*Id*. at 460.

The Court concludes that Adams has not met his burden of demonstrating the materiality of the broad discovery he seeks and **ORDERS** that his request for discovery is **DENIED.**

**IT IS SO ORDERED.**

Dated:  January 30, 2018　　　　　　　　　　　　s/Sean F. Cox　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　　　U. S. District Judge


I hereby certify that on January 30, 2018, the foregoing document was served on counsel of record via electronic means and upon Erie Adams via First Class mail at the address below:

Erie Adams 17265039
FLORENCE HIGH U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 7000
FLORENCE, CO 81226

　　　　　　　　　　　　　　　　　　　　　　　s/J. McCoy　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　Case Manager