## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                    Criminal Case No. 13-20874

Erie Adams,                     Sean F. Cox
                                                      United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Erie Adams ("Defendant") was convicted of drug trafficking and firearm offenses after a jury trial and was sentenced to 45 years in prison. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his age. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

### BACKGROUND

In this criminal case, Defendant proceeded to a jury trial and was found guilty of : 1) Conspiracy to Possess with Intent to Distribute One Kilogram or more of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count 1); 2) Possession with Intent to Distribute One Kilogram or more of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2); 3)

Possession with Intent to Distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3); 4) Possession with Intent to Distribute Hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(E)(ii) and (b)(E)(iii) (Count 4); 5) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(C) (Count 5); and 6) Felon in Possession of a Firearm, violation of 18 U.S.C. §§ 924(g)(1) and 924(a)(2) (Count 6). This Court sentenced Defendant 240 months' imprisonment on Counts 1 and 2, to run concurrent; to 120 months' imprisonment on Counts 3, 4, and 6 to run concurrent to each other and all other counts; and to 300 months' imprisonment on Count 5 to run consecutive to all other counts. Thus, Defendant was sentenced to a total of 45 years' imprisonment.

Defendant is sixty-four years old. Defendant filed his Motion for Compassionate Release asserting that he is heightened risk of more serious illness, if he were to contract COVID-19, because of his age.

The Government concedes that Defendant has exhausted his administrative remedies but opposes the motion on the merits.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons."  Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).  *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant is a 64-year-old man in general good health.  And even if Defendant could satisfy the first eligibility threshold for compassionate release during this pandemic, the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community.  Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  The record does not support such a finding in this case, where Defendant was convicted of drug trafficking and firearms offenses and has a prior criminal history involving violence.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious and allowing Defendant to be released after serving only approximately 15% of his 45-year sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 13, 2020