UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                           Criminal Case No. 13-20874
                                               Civil Case No. 17-11866

Erie Adams,

                                               Sean F. Cox
    Defendant/Petitioner.                  United States District Court Judge

_____/

**OPINION & ORDER
ON § 2255 MOTION AFTER LIMITED REMAND**

This matter is currently before the Court on Defendant/Petitioner Erie Adams's *pro se* Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. This Court denied the motion in a prior opinion and order but the United States Court of Appeals for the Sixth Circuit remanded the matter for this Court to consider three claims that it believed were raised by Adams but not addressed by this Court. Thereafter, this Court ordered the parties to file supplemental briefs focusing solely on those three claims. The Court concludes that an evidentiary hearing is not warranted as to any of these three claims and that the matter is ripe for a decision by this Court. For the reasons that follow, the Court finds these additional claims to be without merit and DENIES Adams's § 2255 Motion and declines to issue a certificate of appealability as to these three claims.

# BACKGROUND

Defendant/Petitioner Erie Adams ("Adams") has two criminal cases in this district that are relevant to the claims in the pending motion.

**Adams's 1992 Criminal Case**

In Criminal Case Number 92-81100, Adams was charged with multiple drug and firearm offenses. That case was assigned to the Honorable Robert E. DeMascio. Adams pleaded guilty to six offenses involving drugs and firearms, pursuant to a Rule 11 Plea Agreement. (*See* ECF No. 68 in 92-CR-81100). One of the charges that Adams pleaded guilty to was Count III, Use or Carry of a Firearm, in violation of 18 U.S.C. § 924(c)(1). Adams was sentenced to 147 months imprisonment.[1]

The docket reflects that Adams did not file a direct appeal.

Acting through counsel, on May 23, 1996, Adams filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence. (ECF No. 85). Among other things, Adams's § 2255 Motion challenged his Count III conviction for Use or Carry of a Firearm, in violation of 18 U.S.C. § 924(c)(1), based upon the Supreme Court's decision in *United States v. Bailey*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d (1995).

In an Order issued on August 2, 1996, Judge DeMascio denied Adams's § 2255 Motion. (ECF No. 89). The Order noted that one of the grounds asserted by Adams was "that his conviction and sentence under § 924(c)(1) must be vacated in light of *Bailey v. United States*, 116 S.Ct. 508 (1996)." (*Id.* at PageID.93). Judge DeMascio analyzed and rejected that

---

[1]In May of 2000, "the district court modified Adams's sentence to time served and four years of supervised release." (*See* ECF No. 133 at PageID.19).

challenge, and ruled that Adams's "conviction and sentence under § 924(c)(1) is valid" even after *Bailey*. (*Id.* at PageID.96).

Adams appealed the district court's denial of his § 2255 Motion (*see* ECF No. 91). On May 20, 1997, the United States Court of Appeals for the Sixth Circuit issued an Order denying Adams a certificate of appealability. (ECF No. 101),

Adams filed a petition for a writ of certiorari. The United States Supreme Court denied Adams's petition on October 22, 1998.

**Adams's 2013 Criminal Case**

In Criminal Case Number 13-20874, Adams was charged with drug trafficking and firearm offenses. Adams was initially charged via a criminal complaint, after the execution of a search warrant at his home in Roseville, Michigan on November 8, 2013. (ECF No. 1, Criminal Complaint).

On March 13, 2014, a grand jury returned a Superceding Indictment, which included both drug and gun charges, including a violation of 18 U.S.C. § 924(c). (ECF No. 18). The Government also filed a penalty enhancement under 18 U.S.C. § 851. (ECF No. 42).

The Government ultimately charged and tried Adams on a Second Superceding Indictment that included six offenses: (1) conspiracy to distribute heroin; (2)-(4) possession with intent to distribute heroin, oxycodone, and hydrocodone; (5) possession of a firearm in furtherance of drug trafficking; and (6) being a felon in possession of a firearm.

Adams proceeded to a jury trial. After a three-day trial, the jury convicted Adams on all six counts. This Court sentenced Adams to: 240 months for Counts 1 and 2, the mandatory minimum, to run concurrently; 120 months for Counts 3, 4, and 6, concurrent to all other counts;

and the mandatory 300 months for Count 5, which must run consecutive to all other counts.

Adams filed a direct appeal, raising multiple issues and challenges. The United States Court of Appeals for the Sixth Circuit affirmed Adams's convictions and sentence. *United States v. Adams*, 655 F. App'x 312 (6th Cir. 2016).

Thereafter, on June 12, 2017, Adams filed a *pro se* Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No 106). In it, Adams asserts that he is entitled to relief from his convictions and sentences for drug trafficking and firearm offenses. Adams claims that both his trial counsel and his appellate counsel provided ineffective assistance of counsel to him and raised a litany of issues.

After full briefing by the parties, in an Opinion and Order issued on March 13, 2019, this Court denied the motion and declined to issue a certificate of appealability. (ECF No. 145).

Thereafter, Adams filed a Notice of Appeal and sought a certificate of appealability from the United States Court of Appeals for the Sixth Circuit.

On November 15, 2019, the Sixth Circuit issued an Order on Adams's application for a certificate of appealability, which granted it in part and denied it in part. (ECF No. 153, Nov. 15, 2019 Order). The Sixth Circuit declined to issue a certificate of appealability as to all of the following claims, that were rejected by this Court in its March 13, 2019 Opinion and Order: whether trial counsel was ineffective for failing to challenge the presentence report's determination that Adams faced a mandatory minimum sentence of 25 years; whether trial counsel was ineffective for failing to convey an offer to plead guilty in exchange for a prison sentence of 25 years; whether trial counsel was ineffective for failing to challenge unqualified expert testimony; whether trial counsel was ineffective for failing to move for a judgment of

acquittal on the § 922(g) charge because the government failed to establish an interstate nexus; whether the testimony of an agent, Curtis Brunson, should have been excluded because that witness was not certified as an expert; whether trial counsel was in effective for failing to challenge the jury pool composition; whether trial counsel was ineffective for failing to challenge the jury selection process; whether trial counsel was ineffective for failing to raise a *Batson* challenge to the government's dismissal of two African American female jurors; whether trial counsel was ineffective for failing to challenge the government's notice of enhancement under § 851; whether trial counsel was ineffective for allowing a homicide detective (Moises Jimenez) to testify; and whether trial counsel was ineffective for cross-examining Jimenz.

The Sixth Circuit granted Adams's certificate of appealability application in part. As to the issue of whether Adams's trial counsel provided ineffective assistance of counsel by advising him to enter a proffer agreement, the Court concluded that "reasonable jurists could debate the district court's rejection" of that claim.

As to three assertions by Adams, the Sixth Circuit stated those issues were not addressed by this Court, "and it would exceed the scope of the COA inquiry for this court to do so in the first instance here. These claims therefore deserve encouragement to proceed further." (*Id*. at 4-5). Those claims are that Adams was provided ineffective assistance when his trial counsel failed: 1) to move for a judgment of acquittal on the § 924(c) charge; 2) to file a petition for a writ of error coram nobis challenging his prior §924(c) conviction; and 3) to request an informant jury instruction. The November 15, 2019 Order directed the clerk's office "to issue a briefing schedule on Adams's certified claims."

On March 10, 2021, however, the Sixth Circuit issued an Order (ECF No. 170) wherein it

dismissed the appeal as interlocutory and remanded the matter to this Court "for consideration of Adams's unresolved claims." The Sixth Circuit denied Adams's request for the appointment of counsel.

Accordingly, this matter was remanded to this Court for the limited purpose of addressing the following ineffective-assistance-of-counsel claims: 1) that Adams's trial counsel failed to move for a judgment of acquittal on the § 924(c) charge; 2) that Adam's trial counsel failed to file a petition for a writ of error coram nobis challenging his prior § 924(c) conviction; and 3) that Adams's trial counsel failed to request an informant jury instruction. To aid the Court in doing so, the Court ordered the parties to file supplemental briefs devoted to the above issues. Both parties have since filed supplemental briefs. (ECF Nos. 177 & 178).

## ANALYSIS

The familiar United States Supreme Court decision in *Strickland v. Washington*, 466 U.S.688 (1984) governs this Court's analysis of ineffective assistance of counsel claims. "In *Strickland*, the Supreme Court articulated a two-component test that must be satisfied for a defendant to demonstrate that a counsel's performance was so defective as to require reversal of a conviction .. . ." *Lint v. Preselnik*, 542 F. App'x 472, 475 (6th Cir. 2013). "First, the defendant must show that counsel's performance was deficient." *Strickland,* 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id*.

To establish deficient performance, the defendant must show that "counsel's representation fell below the objective standard of reasonableness." *Lint*, 542 F. App'x at 475 (citing *Strickland*,466 U.S.at 688). Judicial scrutiny of counsel's performance is highly deferential, and this Court must apply the strong presumption that counsel's representation

fell within the wide range of reasonable professional conduct. *Lint*, 542 F. App'x at 475-76 (citing *Strickland*, 466 U.S. at 689). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Thus, Petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002) (citation and internal quotations omitted).

To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The likelihood of a different result "must be substantial, not just conceivable." *Lint,* 542 F. App'x at 476 (citing *Harrington v. Richter,* 131 S.Ct. 770, 792 (2011)).

Pursuant to the Sixth Circuit's limited remand, this Court is to consider the following three ineffective-assistance-of-counsel claims: 1) that Adams's trial counsel failed to move for a judgment of acquittal on the § 924(c) charge; 2) that Adam's trial counsel failed to file a petition for a writ of error coram nobis challenging his prior § 924(c) conviction; and 3) that Adams's trial counsel failed to request an informant jury instruction.

I.     **Failure To Move For Judgment Of Acquittal On § 924(c) Charge**

First, Adams contends that his trial counsel was ineffective for "failing to move" for judgment of acquittal on the § 924(c) count based on insufficient evidence.(ECF No. 177 at 3). Adams contends that the Government failed to establish the elements of Count Five of the Indictment, which charged him with Possession of a Firearm in Furtherance of Drug Trafficking

Crime, in violation of 18 U.S.C. § 924(c)(1)(C). Thus, he contends that his trial counsel should have made a motion for judgment of acquittal as to that count.

This claim fails for a simple reason – Adams's trial counsel *did make* an oral motion for judgment of acquittal, pursuant to Fed. R. Crim. P. 29, *as to all counts*, on June 23, 2014. (*See* 6/23/14 docket entry). This Court denied that motion in its June 23, 2014 "Order Denying Defendant's Motion For Judgment Of Acquittal." (ECF No. 71). In that order, this Court noted that "Defendant seeks acquittal as to all six counts but focuses his arguments as to Count One." *Id.*

To the extent that Adams contends that his trial counsel was deficient as to the manner in which she presented the motion in relation to Count Five, that claim also fails. In order to prevail on this claim, Adams must show that there is a reasonable probability that the trial judge would have granted a motion based on the insufficiency of the evidence as to Count Five if his counsel had focused on that charge. *United States v. Brown*, 56 F.3d 65 (6th Cir. 1995); *Maupin v. Smith*, 785 F.2d 135, 140 (6th Cir. 1986).

In this case, a review of the record demonstrates that this Court would not have granted a Rule 29 motion for a judgment of acquittal on the § 924(c) charge even if Adams's counsel had focused on that charge.

In considering a motion for judgment of acquittal under Rule 29, the trial court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the elements of the crime beyond a reasonable doubt. *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994); *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 1979). In doing so, the trial court does not weigh the evidence, consider the credibility of

8

witnesses, or substitute its judgment for that of the jury. *Id*. A defendant raising such a motion "bears a very heavy burden." *Abner,* 35 F.3d at 253. On review, all evidence must be construed in a manner most favorable to the Government. Moreover, circumstantial evidence alone is sufficient to sustain a conviction. *Id.*

Count Five charged Adams with Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(C). "By requiring that the possession be 'in furtherance of' the crime, Congress intended a specific nexus between the gun and the crime charged." *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001). It is this nexus that Adams contends was lacking at his trial. (*See* ECF No. 177 at 4, arguing the "nexus to the firearm and the drugs was non-existent.").

But the record contains more than enough evidence for a rational trier of fact to find Adams guilty, beyond a reasonable doubt, for having violated § 924(c).

To prove the "in furtherance element," the government must show a specific nexus between the gun and the crime charged. *United States v. Brown*, 732 F.3d 569, 576 (6th Cir. 2013). To determine if this nexus exists, the Sixth Circuit considers "six factors – the *Mackey factors* – first adopted in *United States v. Mackey*." *Id.*

Under *Mackey,* this Court first considers whether the gun was "strategically located so as to be quickly and easily available" for use during a drug transaction. As the government notes, the jury heard testimony that the guns were found in multiple locations of Adams's small, ranch-style home. When the officers entered the home to execute the search warrant, they asked Adams if he had any weapons and Adams stated he had a handgun under the couch in the living room. Detective Sergeant Brian Shock then went to that couch, and found a loaded handgun

9

under the couch. The jury also heard witness testimony that two more guns, one of which was loaded, were found in the master bedroom. They also heard testimony that a large amount of cash was found right outside the bedroom and that pill bottles filled with hydrocodone were found in the master bedroom. From this evidence, a jury could reasonably infer that the guns were strategically located to be quickly and easily used during a drug deal. *Brown*, 732 F.3d at 576-77 (noting that house was small enough such that the gun could be located from another floor in a matter of ten to fifteen seconds).

Second, the Court considers whether the gun was loaded. *Brown,* 732 F.3d at 577. The jury heard testimony that two of the guns were loaded.

Third, the Court considers the type of weapon. *Brown*, 732 F.3d at 577. The jury heard testimony that the types of guns found in Adams's home included a .357 revolver with an obliterated serial number, a 9mm semi-automatic pistol, and a .45 caliber semi-automatic pistol.

Fourth, the Court considers the legality of the weapon's possession. *Brown*, 732 F.3d at 577. The government offered a certified conviction as to Adams's 1992 criminal case, showing that Adams was a convicted felon, who may not possess firearms.

Fifth, the Court considers the type of drug activity conducted. *Brown*, 732 F.3d at 577. Here, the evidence presented was that the drug activity was significant, involving more than a kilogram of heroin. They also heard testimony that pills, a scale, a money counter, and other items associated with drug trafficking were found in the house.

Sixth, the Court considers the time and circumstances under which the firearms were found. As in *Brown*, the jury heard testimony that law enforcement found the guns during the same search in which they found the drugs.

Accordingly, there was more than enough evidence for a rational trier of fact to find Adams guilty beyond a reasonable doubt of this offense. Adams has therefore failed to demonstrate prejudice from this alleged error.

## II.     Failure to File Petition For A Writ Of Error *Coram Nobis*

Second, Adams contends that his trial counsel rendered ineffective assistance to him in his 2013 case by "failing to file a petition for a writ of error *coram nobis* challenging his prior § 924(c) conviction" in the 1992 case, based upon the Supreme Court's decision in *United States v. Bailey*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d (1995). (ECF No. 177 at 4). Adams notes that *Bailey* was decided in 1995. He contends that "[o]nce this case was initiated in 2013, counsel should have immediately filed a writ of *coram nobis* challenging the prior (1992) case on the prior 924(c) conviction thus causing the instant (2013) conviction on the 924(c) count to be considered a 'first conviction' and not a second or successive 924(c)." (*Id.* at 6).

In order to prevail on this claim, Adams must show that there is a reasonable probability that such a petition would have been granted, if his trial counsel had filed one. He cannot do so.

"The writ of *coram nobis* 'provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241.'" *United States v. Castano,* 906 F.3d 458, 462 (6th Cir. 2018) (quoting *Chaidez v. United States,* 568 U.S. 342, 345 n.1, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013)).

"*Coram nobis* petitioners face a high burden." *United States v. Castano*, 906 F.3d at 462; *see also Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) ("The bar for *coram nobis* relief is high."). "Because *coram nobis* is an extraordinary remedy, there are several limitations on its use." *United States v. Castano*, 906 F.3d at 463. Among other things, "the writ is

11

appropriate only when there is *and was* no other available avenue of relief." *Alikhani v. United States*, 200 F.3d at 734 (emphasis added).

Here, Adams could *and did* pursue habeas relief challenging his § 924(c) conviction in his 1992 criminal case based upon the Supreme Court's decision in *Bailey*. That is, Adams's filed a § 2255 Motion in his 1992 case wherein he raised that challenge. Judge DeMascio addressed and rejected Adams's challenge based upon *Bailey* in his August 2, 1996 Order. "A petition for a writ of *coram nobis* does not provide him an opportunity to *reassert failed claims* or to bring claims he neglected to bring in available proceedings." *Hatten v. United States*, 787 F. App'x 589, 591 (11th Cir. 2019) (emphasis added).

Accordingly, Adams's trial counsel in his 2013 case did not provide ineffective assistance of counsel by failing to file a petition for *coram nobis* that would have been denied.

## II. Failure To Request An Informant Jury Instruction

Third, Adams claims that his trial counsel provided ineffective assistance to him in that he failed to request "an informant jury instruction for the jury['s] consideration." (ECF No. 177 at 7). Adams discusses case law relating to credibility instructions being given pertaining to paid informants who testify at trial. (*Id*. at 7-8). Adams contends that a "trial court should instruct the jury on the special reliability considerations involved when a witness derives personal benefit, such as compensation or immunity from prosecution, in exchange for their testimony." (*Id*. at 7). But Adams has not identified any informants (paid or unpaid), or any witness that was given immunity, who testified at *his trial*.

As the Government notes in response to this challenge, "no cooperator (e.g., informant or co-defendant) testified" at trial. (Govt's Br., ECF No. 178, at 13).

Rather, as the trial transcripts reflect (ECF Nos. 92-95), the only witnesses that testified at trial were law enforcement officers and persons employed by the laboratories of the Drug Enforcement Administration. Because no informants testified at Adams's trial, a jury instruction regarding the credibility of informant witnesses would not have been appropriate. Adams's trial counsel did not render ineffective assistance of counsel by failing to request a jury instruction that had no relevance to his trial.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b).

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

Here, the Court concludes that reasonable jurists would not find the Court's assessment of Adams's three above claims debatable or wrong. The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the three remaining claims in

Adams's § 2255 Motion are DENIED.

IT IS FURTHER ORDERED that this Court DECLINES to issue a certificate of appealability as to these claims.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 23, 2021