UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Criminal Case No. 13-20874

ERIE ADAMS,                     Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S ADDITIONAL
MOTION FOR COMPASSIONATE RELEASE (ECF NO. 189)**

In this criminal action, Defendant Erie Adams ("Adams") was convicted of drug trafficking and firearm offenses after a jury trial. Adams is currently serving his lengthy prison sentence. The matter is now before the Court on Defendant Adams's December 9, 2024 *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

In this criminal action, Defendant Adams was convicted of drug trafficking and firearm offenses after a jury trial and was sentenced to 45 years in prison.

Adams filed a direct appeal. Thee United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence. *See United States v. Adams,* 655 F. App'x 312 (6th Cir. 2016).

1

Adams filed a Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255.  This Court denied that motion and that ruling was also affirmed on appeal.  *Adams v. United States*, 2023 WL 6962074 (6th Cir. June 22, 2023)

While serving his lengthy sentence, Defendant Adams has previously filed *pro se* motions seeking compassionate release.  This Court has denied those motions.

On December 9, 2024, Defendant filed another *pro se* Motion for Compassionate Release.  (ECF No. 189).  In this motion, Adams repeats some arguments already rejected by this Court.  Adams also asserts a new argument – that he should be released from prison because he has two daughters who have medical conditions and need his care and support.  Adams asserts that two of his adult daughters "have contracted breast cancer" and that they will "require ongoing, comprehensive medical care and supervision" that will include "regular medical consultations, diagnostic evaluations, therapeutic treatments, rehabilitation services, and, in some instances, potential surgical interventions."  (ECT No. 189 at PageID.2645).  Adams assert that his daughters need his care and support to ensure "their proper care and emotional stability." (*Id*. at PageID.2646).

In support of his motion, Adams filed copies of various medical records that do indicate that his daughter Hope has been treated for breast cancer.  He also attaches a letter from Hope that states that Hope lives with her mother, who does not drive.  Hope's letter (filed in Adams's 12/09/24 filing) states that Hope plans to have reconstructive surgery in February of 2024 (a date that has passed) and that she would need rides to and from her follow-up appointments.  Her letter also states that she has a colonoscopy screening coming up and she will need a ride to that test.  Hope's letter further states that Hope is attaching a letter from her sister's oncologist that

2

shows that her sister is "still in treatment for cancer." (*Id.* at PageID.2677).

The letter provided concerning Adams's other daughter, Ava, is largely illegible. But the portion that is legible indicates that Ava was treated in 2021 – several years ago. (*Id*. at PageID.2676).

Adams also provided the Court with a letter from him wherein he acknowledges that he has a large family, that includes nine children. (*Id.* at PageID.2693).

The Government did not file a brief in response to Adams's motion, and the time permitted for doing so has passed. Thus, the motion is ripe for adjudication by this Court.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022). A district court must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

Here, Defendant Adams argues that his request for compassionate release should be granted because he has two adult daughters who have been diagnosed with breast cancer and

3

they need his care and support.

This Court concludes that Adams has not established "extraordinary and compelling" reasons for a sentence reduction.

Early release may be warranted if a defendant's immediate family member, including a child, is "incapacitat[ed]" and the defendant is the only available or suitable caregiver. § 1B1.13(b)(3); *see also United States v. Mathews,* 2023 WL 5924411, at *3 (S.D. Ohio 2023) (Explaining that the defendant bears the burden to make the showing that other potential caregivers are not available).

In evaluating such incapacitation claims, district courts within the Sixth Circuit have looked to Bureau of Prison ("BOP") guidelines for handling inmate compassionate release requests based on the alleged incapacitation of a family members. *See, eg. United States v. Peguero*, 2024 WL 4112337 (W.D. Ky. 2024). In that case, the district court explained:

> In evaluating "incapacitation," courts have looked to the BOP guidelines for handling inmate compassionate release requests based on the incapacitation of a family member. *See, e.g., United States v. Walker*, 2024 U.S. Dist. LEXIS 25188, at *8 (D.N.J. Feb. 13, 2024); (*United States v. Collins*, 2020 U.S. Dist. LEXIS 5001, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020). The BOP guidelines have defined incapacitation as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [individual] ... is completely disabled, meaning that the [individual] ... cannot carry on any self-care and is totally confined to a bed or chair." *Walker*, 2024 U.S. Dist. LEXIS 25188, at *8 (quoting *Collins*, 2020 WL 136859) (citing BOP Program Statement § 5050.502)). When evaluating the incapacitation, adequate information and documentation should be provided including, but not limited to, a statement and verifiable medical documentation regarding incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the family member, and a statement and documentation regarding the inmates release plan. *Collins,* 2020 WL 136859, at *4 citing *United States v. Gutierrez*, 2019 WL 2422601, at *3 (D.N.M. 2019) and BOP Program Statement § 5050.50, https://www.bop.gov/policy/progstat/5050_050_EN.pdf, at *1).

*Id.* at *4.

Notably, in connection with Adams's Motion for Compassionate Release, Adams did not submit any documentation, such as medical records, physician statements, or affidavits, to indicate that his adult daughters have any current medical conditions that render them unable to care for themselves. The documents that Adams has provided do indicate that his daughter Ava has breast cancer, but that was several years ago and there is no documentation to indicate that Ava cannot care for herself. The same is true of Adams's other daughter, Hope, who also states that she has been treated for breast cancer. Hope's letter does not indicate that she is unable to care for herself. Rather, it asserts that she will need transportation to some medical appointments in connection with events that have already passed (ie., a surgery in February of 2024 and a screening colonoscopy in the spring of 2024).

Moreover, assuming *arguendo* that his adult daughters need care or assistance, Adams has not shown that he is the only available caregiver who could provide it. Hope's own letter acknowledges that she lives with her mother. Adams also acknowledges that he has a large family, that includes nine of his children. Adams has not established that other family members could not provide any needed care to his adult daughters.

Thus, this Court concludes that Adams has not established "extraordinary and compelling" reasons for a sentence reduction.

Moreover, as explained in this Court's prior opinions and orders denying Adams's motions seeking compassionate release, this Court continues to conclude that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to

deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a)."). This Court continues to conclude that Adams is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Compassionate Release is DENIED.

IT IS SO ORDERED.

Dated: March 12, 2025  s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on March 12, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/Emily Vradenburg
Case Manager